FILED
2026 Jul-16  AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:25-cr-00028-HDM-SGC |
| HUGO MARTINEZ-RIVAS, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Hugo Martinez-Rivas's Motion to Suppress Evidence and Statements, (doc. 20), the Magistrate Judge's Report and Recommendation in which she recommends denying Defendant's motion, (doc. 44), and Defendant's Objections to the Report and Recommendation, (doc. 47). After careful review of Defendant's motion, the parties' briefing, the transcript of the evidentiary hearing, the body-worn-camera recordings admitted at the hearing, the Report and Recommendation, and Defendant's objections, the court concludes that Defendant's objections are due to be overruled, the Report and Recommendation is due to be adopted as modified[1] and supplemented by this order, and the motion to suppress is due to be denied.

---

[1] The court notes one clerical or citation issue at the outset. The docketed case number is **2:25-cr-00028-HDM-SGC**, and that number is used in this order.

## I.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3), the court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party specifically objects. The court may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Crim. P. 59(b)(3).

Where a magistrate judge has conducted an evidentiary hearing and made credibility findings, the district court may accept those findings without a second hearing. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *United States v. Cofield*, 272 F.3d 1303, 1305–06 (11th Cir. 2001) (per curiam). Here, the court has independently reviewed the transcript and the body-worn-camera evidence and agrees with the Magistrate Judge's credibility determination.


## II.    DISCUSSION

Even under this court's *de novo* review, the court finds that Defendant's objections to the Magistrate Judge's Report and Recommendation are due to be overruled. To the extent Defendant generally incorporates earlier arguments without specifically objecting to a particular finding or conclusion in the report, (doc. 47 at 1), the court has reviewed the remainder of the Report and Recommendation for clear error and finds none.

Defendant raises two principal objections to the Magistrate Judge's Report and Recommendation. First, he objects to the factual finding that Deputy Burks saw and recognized the pistol grip before opening the driver's door of the truck. *Id.* at 2–3. Second, he objects to the Magistrate Judge's legal conclusion that Deputy Burks did not violate the Fourth Amendment by opening the truck door and securing the pistol. *Id.* at 3–4. Following its *de novo* review of the record and applicable law, the court finds that both objections are due to be overruled.

### A.   Factual Objection

The dispositive factual issue is whether Deputy Burks saw and recognized the pistol grip before opening the driver's door. (Doc. 47 at 1). The Magistrate Judge found that he did, (doc. 44 at 8–9), and, after *de novo* review, this court adopts that finding. The record shows that, while Deputy Tyes was speaking with Defendant near the rear of the truck, Deputy Burks approached the driver's side of the truck and illuminated the interior through the open driver's window. Deputy Burks testified that within a few seconds of looking through the window, he saw a firearm sticking out of an open pouch near the center console on the driver's side. He also testified that the visible portion was the wooden grip of the pistol and that he did not immediately announce the gun because he did not want to alert Defendant while Deputy Tyes was speaking with him.

3

Defendant argues that the body-worn-camera recording does not show the pistol before the door opened and that Deputy Burks's question, "Where is it?", proves that he had not yet seen or recognized the firearm. (Doc. 47 at 2). The court disagrees. The body-worn-camera footage does not affirmatively contradict Deputy Burks's testimony: the camera was positioned lower than Deputy Burks's eyes and the door frame obstructed the camera's view of the area near the center console. The court credits the Magistrate Judge's finding that Deputy Burks's higher eye-level vantage point allowed him to see what the lower body camera did not capture. (Doc. 44 at 9). The footage, viewed together with Deputy Burks's testimony and the later images showing the pistol's location, supports the finding that the pistol grip was visible from outside the vehicle through the open window.

Nor does Deputy Burks's question about the location of the gun require a contrary finding, as it is not inconsistent with his testimony that he had already seen the pistol. On the record the court has reviewed, that question is reasonably understood as confirming Defendant's knowledge of the weapon, confirming that Defendant was referring to the same firearm Deputy Burks had already observed, and ensuring that there was not an additional weapon.

The court further finds that Deputy Burks recognized the visible wooden grip as part of a pistol before opening the door. The fact that only part of the pistol was visible does not defeat the finding. Deputy Burks is an experienced law-enforcement

4

officer, and the court credits his testimony that he observed a firearm, not merely an unidentified wooden object. The identity of the visible object as a weapon was sufficiently apparent to create an officer-safety concern.

### B.    Fourth Amendment Objection

Defendant's second principal objection to the Report and Recommendation concerns the Magistrate Judge's conclusion that Deputy Burks did not violate the Fourth Amendment when he opened the truck door. (Doc. 47 at 3–4). The court also overrules Defendant's Fourth Amendment objection. Although the Fourth Amendment protects the interior of an automobile against unreasonable government intrusion, *New York v. Class*, 475 U.S. 106, 114–15 (1986), an officer does not violate the Constitution merely by standing outside a vehicle in a lawful position and using a flashlight to illuminate areas visible through a window, *Texas v. Brown*, 460 U.S. 730, 739–40 (1983). Deputy Burks's use of the flashlight, therefore, did not violate the Fourth Amendment.

The deputies were responding after midnight to a report of an unknown vehicle with its lights on parked in a residence's driveway. The call justified a brief investigative detention to determine Defendant's identity and why he was present at the residence. While that investigation was ongoing, Deputy Burks lawfully observed a pistol within reach of the driver's seat. Defendant then began moving toward the driver's door to retrieve identification from the truck. At that point, the

5

officers were not required to allow Defendant to reenter or reach into a vehicle containing a visible firearm. Under *Terry v. Ohio*, officers may take reasonable steps to protect themselves during an investigative detention. 392 U.S. 1, 28 (1968). In *Michigan v. Long*, the Supreme Court held that officers may conduct a protective search of the passenger compartment of a vehicle when they possess a reasonable belief, based on specific and articulable facts, that the suspect is dangerous and may gain immediate control of weapons. 463 U.S. 1032, 1049–50 (1983). The same officer-safety principles apply here.

The court does not rely on the premise that every visible firearm is contraband. Nor does the court rely on later-discovered narcotics, later-discovered immigration status, or Defendant's consent to justify the initial entry into the truck. Rather, the court's ruling rests on the following facts: Deputy Burks lawfully observed and recognized a pistol from outside the truck through the open window; the encounter occurred during an ongoing nighttime suspicious-vehicle investigation at a residence; Defendant was not under arrest or secured in a patrol vehicle when he began moving toward the truck; and the firearm was located within easy reach of the driver's seat. Under those circumstances, Deputy Burks was permitted to stop Defendant from returning to the truck and to open the door for the limited purpose of securing the firearm for officer safety. Accordingly, the initial observation of the

6

firearm was lawful, and the protective seizure of the firearm was reasonable under the Fourth Amendment.

### C.      Statements and Fruits

Defendant also seeks suppression of statements concerning the firearm, arguing that they were fruits of an unlawful search. Because the court concludes that Deputy Burks's observation and seizure of the firearm did not violate the Fourth Amendment, Defendant's fruit of the poisonous tree argument fails. *See United States v. Timmann*, 741 F.3d 1170, 1182 (11th Cir. 2013) (the fruit of the poisonous tree doctrine requires an underlying constitutional violation). Because there was no antecedent Fourth Amendment violation, *supra*, Defendant's firearm-related statements are not suppressible on the grounds raised in the motion.[2]

To the extent Defendant's motion could be read to seek suppression of uncharged drugs, paraphernalia, alcohol, or related statement evidence, the court denies suppression insofar as Defendant argues that such evidence is fruit of an unlawful firearm seizure. This order does not otherwise decide the admissibility of any uncharged narcotics, paraphernalia, alcohol, or related statement evidence if the Government later seeks to introduce it for some independent purpose.

---

[2] The court need not rely on the theory that Defendant consented to Deputy Burks's search. Defendant stated that he had a gun and that Deputy Burks could pick it up after Deputy Burks had already lawfully observed the pistol and while the officers were taking reasonable steps to secure it.

### III.    CONCLUSION

For the above reasons, Defendant's objections, (doc. 47), are **OVERRULED**. The Magistrate Judge's Report and Recommendation, (doc. 44), is **ACCEPTED and ADOPTED as modified and supplemented by this order**. Defendant's Motion to Suppress Evidence and Statements, (doc. 20), is **DENIED.**

**DONE** and **ORDERED** this July 15, 2026.

_____

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

8